# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ROBERT SELLIKEN,

                Plaintiff,

-vs-                                              Case No. 6:04-cv-1551-Orl-28JGG

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

## ORDER ON RESPONSE TO ORDER TO SHOW CAUSE

This Social Security disability appeal is before the Court on an order to show cause [Docket No. 17] why it should not be dismissed pursuant to Local Rule 3.10 for failure to prosecute. For the reasons set forth below, the Court elects not to dismiss this appeal. The Court, however, imposes the following sanction: Plaintiff's counsel may recover no fees for his representation in this matter.[1] Nothing in this Order prohibits the Commissioner from applying for any expenses, including attorneys' fees, reasonably resulting from the delay.

### I.    THE LAW

Where a party fails to obey a scheduling order, the district court may impose sanctions. Fed. R. Civ. P. 16(f) and 37(b). Rule 16(f) provides, in pertinent part, that:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the

---

[1] Today, this Court enters a similar order in two unrelated appeals. *See Patrick v. Comm'r Social Security*, Case #6:05-cv-00167-JGG; and *Crawford v. Comm'r of Social Security*, CASE # 6:05-cv-376-JGG.

> orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule. including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

A district court may dismiss an action under Rule 16(f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth*, 766 F.2d at 1535. In addition, the district court has the inherent power to police its docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir.1989). Incident to this power, the judge may impose formal sanctions upon dilatory litigants. *See Mingo*, 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo*, 864 F.2d at 102.

Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo,* 864 F.2d at 102; *Goforth,* 766 F.2d at 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo,* 864 F.2d at 102; *Goforth,* 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the defendants); *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth,* 766 F.2d at 1535; *Rogers v. Kroger Co.,* 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal is appropriate. *See Goforth,* 766 F.2d at 1535.

In *Goforth*, dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. *See Goforth,* 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth*, plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *Id.* Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *Id.*

In *Mingo*, dismissal with prejudice was warranted by a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines. *See Mingo v. Sugar Cane Growers Co-op of Fla.,* 1989 WL 205633

(S.D. Fla. May 26, 1989), on remand from *Mingo,* 864 F.2d 101, 102 (11th Cir.1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order.

In *Vaughan v. Apfel,* 209 F.R.D. 496 (M.D. Fla.,2001), the court dismissed the complaint of a party seeking review of a Social Security determination. In *Vaughan,* the plaintiff's attorney deliberately disregarded three court orders to file an amended complaint. Thus, more than one year after the original complaint was filed, and more than eight months since the court struck the original complaint, there was still no operative complaint. *Id.* at 499.

## II. APPLICATION

### A. Failure to Obey Scheduling Order in this Appeal

Plaintiff Robert Selliken asks this Court to reverse the decision of the Commissioner of Social Security, and to award him disability benefits.[2] Docket No. 1 at 2 (complaint filed October 21, 2004). Selliken is represented by Juan Gautier, an experienced attorney who represents about one third of the Social Security disability appellants in the Middle District of Florida. Selliken is entitled to expect that this Court will review an appeal that has been properly perfected. Selliken also is entitled to expect his attorney to turn down other work that will impair his attorney's ability to comply with Court orders and to perfect Selliken's appeal.[3]

---

[2] Although this appeal is not yet ripe for a review of the record on appeal to determine whether Selliken meets the statutory definition of "disabled," the Court recognizes that all claimants who appeal to the district court have severe medical problems and severe functional limitations.

[3] A lawyer's workload should be controlled so that each matter can be handled adequately. Comment to Florida Bar Rule 4-1.3 (Diligence). A lawyer's own interests should not be permitted to have adverse effect on representation of a client. For example, a lawyer's need for income should not lead the lawyer to undertake matters that cannot be handled competently.

The Court entered a Scheduling Order for this appeal on June 23, 2005, requiring Selliken to file his brief by August 23, 2005. Docket No. 14. Gautier filed neither a brief nor a motion to extend time by August 23, 2005.

One week after the brief was due, however, Gautier filed an unopposed motion to extend the deadline for the brief. Docket No. 15. In granting the tardy motion, the Court stated that counsel's overextended caseload did not constitute "excusable neglect." Docket No. 16. The Court warned Gautier that, although it was unwilling at present to punish Selliken for Gautier's failure to timely move for an extension of time, repeated failures may require a different result:

> This motion is subject to denial because the request for an extension was untimely filed and claimant's counsel makes no showing of good cause and excusable neglect. Fed. R. Civ. P. 6(b); *see e.g., Mississippi v. Turner*, 498 U.S. 1306 (1991) ("counsel's overextended caseload is not 'good cause shown,' unless it is the result of events unforeseen and uncontrollable by both counsel and client. . . . Like any other litigant, the State of Mississippi must choose between hiring more attorneys and taking fewer appeals"). At present, the Court is unwilling to punish the claimant for an attorney's failure to timely move for an extension of time, but repeated failures may require a different result.

Docket No. 16. Despite the absence of excusable neglect, the Court nevertheless extended Gautier's time to file Selliken's brief until September 17, 2005. *Id.*

Despite the warning, Gautier then repeated the failure. He again missed the extended September 17, 2005, deadline for filing Selliken's brief. On October 3, 2005, the Court issued an Order to Show Cause ("OSC") why Selliken's appeal should not be dismissed pursuant to Local Rule 3.10 for failure to prosecute. Docket No. 17. The deadline for responding to the OSC was October 14, 2005.

---

Comment to Rule 4-1.7 (Conflict of Interest).

On October 19, 2005, Gautier filed his untimely response to the OSC. Gautier's response was a pro forma explanation that he has used routinely in other Social Security appeals. Gautier explained that he had begun teaching at Central Florida Christian Academy in April 2005, and that he had miscalculated the time it would take to handle his teaching duties and his Federal case load. Docket No. 18. In his response, Gautier both stated that he is working from home *without any* support staff, and also that he *has* hired support staff to assist with his firm's everyday operations. Docket No. 18 at 1. Gautier filed Selliken's brief the following day, on October 20, 2005. Docket No. 19.

The Commissioner has filed a memorandum in response to Gautier's response to the OSC. Docket No. 20. The Commissioner argues, *inter alia*, that it has been prejudiced due to the many late filings in cases handled by Gautier. The Commissioner requests that the case be dismissed or, in the alternative, to impose a monetary sanction in each case and deny any fee award under the Equal Access to Justice Act ("EAJA"). In the alternative, the Commissioner proposes that the Court remove Gautier from the roll of attorneys permitted to appear in the United States District Court for the Middle District of Florida.[4]

### B.   Prejudice to the Commissioner

The Commissioner has failed to convince the Court that dismissal is warranted in this case due to prejudice. First, the Commissioner routinely agrees to Gautier's requests for extension of time in numerous cases, an appropriate extension of professional courtesy. The Court finds the Commissioner's argument of prejudice inconsistent with these actions. Second, while Gautier's late

---

[4] On November 29, 2005, Magistrate Judge Karla R. Spaulding referred Gautier to the Grievance Committee for the Orlando Division of the United States District Court for the Middle District of Florida. *See Jones v. Barnhart*, Case No. 6:03-cv-1575-Orl-KRS, Docket 48 at 3.

briefs may cause general scheduling problems for the Commissioner, the Commissioner fails to make a specific showing of prejudice in this case.

### C. Pattern of Failure to Obey Scheduling Orders

Although dismissal is authorized by Fed. R. Civ. P. 37 (b)(2)(C), one late brief in one Social Security appeal hardly merits the harsh sanction of dismissal. Moreover, it is Selliken — who is not even remotely culpable — who would feel the effect of dismissal more than Gautier. Dismissal is warranted only on a clear record of delay which interferes with the expeditious management of claimants' appeals, and only where lesser sanctions will not suffice. Regrettably, Gautier has a clear record of delay coupled with a willful disregard of scheduling orders.

Gautier usually misses deadlines in his appeals, including extended deadlines. Of the 56 Social Security appeals now pending before the undersigned magistrate judge, Gautier represents 27 of the claimants. Of the thirteen ripe appeals now pending before the undersigned, Gautier has not timely filed a single brief, even after being granted multiple extensions of time. The undersigned has admonished Gautier in seven of these cases regarding his untimely filings, and has issued orders to show cause in nine of these cases regarding his failure to prosecute.[5] Other judges in the Orlando

---

[5] Gautier also has been admonished several times by Magistrate Judge Karla R. Spaulding and by Judge David A. Baker. *See* Report and Recommendation filed in *Pierette Glover (Parrish) v. Comm'r of Social Security*, Case No. 6:05-cv-377-18-KRS, Docket 16 (listing admonishments and OSCs) citing *Baraglia v. Comm'r of Social Security*, 6:03-cv-762-ORL-KRS [Docket No. 11]; *Horton v. Comm'r of Social Security*, 6:03-cv-80-ORL-KRS [Docket No. 24]; *Dent v. Comm'r of Social Security*, 6:02-cv-1305-ORL-KRS [Docket No. 25]. On September 8, 2005, Magistrate Judge Spaulding dismissed four of Gautier's cases for failure to prosecute, also concluding that a lesser sanction will not suffice. *See Patricia Ann Stillwell v. Comm'r of Social Security*, Case No. 6:05-cv-314-KRS; *Josh B. Edwards v. Comm'r of Social Security*, Case No. 6:05-cv-351-KRS; *Catherine Smith v. Comm'r of Social Security*, Case No. 6:05-cv-402-KRS; and *Michael Mills v. Comm'r of Social Security*, Case No. 6:05-cv-432-KRS. On June 8, 2005, Judge Spaulding and Judge Baker held a joint hearing in the following cases: *Thomas v. Comm'r of Social Security*, 6:04-cv-1706-ORL-DAB [Docket No. 23]; *Negron v. Comm'r of Social Security*, 6:04-cv-1831-ORL-DAB [Docket No. 21], *Brown v. Comm'r of Social Security*, 6:04-cv-1857-ORL-DAB [Docket No. 19]; *Herring v. Comm'r of Social Security Administration*, 6:04-cv-1524-ORL-KRS [Docket No. 28]. At the joint hearing, Judge Baker and Judge Spaulding specifically admonished Gautier for his failure to comply with deadlines set by this Court.

Division also have admonished Gautier for his failure to abide by deadlines set forth in court orders. Indeed, the Court surveyed some 158 current Social Security appeals — a small sample of the appeals that Gautier has filed throughout the Middle District of Florida.[6] In eighty percent (127) of those 158 appeals, Gautier had one or more late filings.[7]

Due to the extremely high volume of Social Security filings,[8] their complexity, and the ten-month time constraint to reach a final adjudication, the timely filing of briefs is imperative.[9] This Court has expended considerable effort over the years in forcing Gautier to comply with its scheduling orders, and in policing his late filings. This robs the Court of precious time for ruling on the substantive claims and appeals of other claimants.[10]

---

[6] The 158 appeals include both 1.) appeals which were closed during 2005 to date; and 2.) appeals which remain open, pending, and ripe as of November 10, 2005 (many pending non-ripe appeals excluded). Although the Court used its internal Case Management Electronic Case Filing database, the same information is publicly available via PACER.

[7] In this study, "late filings" do not include filings permitted by proper extensions.

[8] According to the most recent AOUSC statistics, the Middle District of Florida has the third highest number of new Social Security filings in the nation. This amounts to an average of 40.87 Social Security filings per district judge each year — 73% higher than the national average of 23.63 filings per district judge. Our magistrate judges adjudicate most Social Security appeals on consent, and resolve the remainder by report and recommendation to the district judges. As a result, the Middle District of Florida has the second highest number of Social Security dispositions by magistrate judges in the nation. Last year, fifteen magistrate judges resolved more disability appeals than did all of the magistrate judges in each of the following circuits: First Circuit, Second Circuit, Third Circuit, Seventh Circuit, and D.C. Circuit. In the Orlando Division, magistrate judges must resolve *one Social Security appeal per week* — each presenting complex, time-consuming issues and a long medical record — simply to stay even with filings. At the same time, that magistrate judge must resolve all non-dispositive (and some dispositive) motions in his or her assigned docket of some 600 civil and felony cases.

[9] The efficient management and timely disposition of each Social Security appeal is important. The Court strives to obtain the filing of both briefs, to research, to analyze, and to resolve each appeal with a reviewable order within ten months of the filing of the record. Of course, most records include voluminous medical records and several issues, which take time to analyze. Although it is rare for the Court to conduct oral argument, the Court regularly spends at least 40 hours reviewing each appeal and preparing each order.

[10] The United States Court of Appeals for the Eleventh Circuit enforces an even more stringent briefing schedule for all civil appeals, including disability appeals. *See* 11th Cir. R. 31-2 (d) - (e) (second requests for extensions of time are "extremely disfavored and are granted rarely," but "only upon a showing of extraordinary circumstances that were not foreseeable at the time the first request was made")(extensions of time must be requested prior to the due date).

Given the repeated warnings to Gautier, the Court finds Gautier's failure to comply with the extended scheduling order to be willful. For months now, Gautier has been asking the Court to excuse his noncompliance with orders in multiple cases because of his inability to manage his schedule. While the demands of the new teaching job may have been unforseen at the beginning, Gautier has had ample opportunity since April to modify his schedule or to make effective arrangements to cover his case load. Instead, Gautier has taken on more clients, filing **77** new cases in this district since April 2005.[11] By substantially adding to his workload, Gautier has compounded his scheduling problems instead of solving them.

Although the Court would be justified in dismissing the case due Gautier's failure to comply with the Scheduling Order, and failure to establish excusable neglect and good cause for an extension of time, the brief is now on file. To dismiss the case at this point would be unfair to the claimant.

Gautier, however, should not be permitted to flout this Court's orders with impunity. Given the representation provided in this case, the Court is persuaded that a just sanction would be to deny Gautier compensation for his services in this matter. Therefore, Gautier may not seek to recover his fees from Plaintiff. If Plaintiff has paid any deposits or fees, they are to be returned to him. Nor may Gautier apply for attorneys' fees pursuant to EAJA if the Plaintiff succeeds on his claim. If the Court finds that these lesser sanctions do not prompt Gautier to comply with the Court's orders, future failures to comply with Court orders may result in the dismissal of other appeals.

Additionally, Rule 16(f) provides that the Court "shall require" the payment of reasonable expenses, including attorneys' fees, incurred because of any noncompliance with this rule. The

---

[11] An Appendix listing the new cases and their filing dates is attached.

Commissioner's response does not set forth the amount of fees incurred, if any, due to Gautier's conduct. If the Commissioner wishes to move for fees, she should do so no later than December 30, 2005.

**DONE** and **ORDERED** in Orlando, Florida on December 8th, 2005.

_____
James G. Glazebrook
United States Magistrate Judge

# APPENDIX OF NEW FILINGS SINCE APRIL 2005

3:05-cv-00720-HES-MCR, Mendez v. Comm'r of Social Security, filed 08/01/05

3:05-cv-01203-HES-HTS, Savard v. Comm'r of the Social Security Administration, filed 11/23/05

5:05-cv-00234-WTH-GRJ, Oglesby v. Comm'r Social Security, filed 05/16/05

5:05-cv-00235-WTH-GRJ , Jacobs v. Comm'r Social Security, filed 05/16/05

5:05-cv-00254-WTH-GRJ,  Gilyard v. Comm'r of Social Security Admin., filed 05/23/05

5:05-cv-00255-WTH-GRJ, Ware v. Comm'r of Social Security, filed 05/13/05

5:05-cv-00275-WTH-GRJ, Hansen v. Comm'r Social Security, filed 06/13/05

5:05-cv-00346-WTH-GRJ, Pierre v. Comm'r Social Security, filed 08/01/05

5:05-cv-00418-WTH-GRJ, Rosenthal v. Comm'r of Social Security, filed 10/04/05

5:05-cv-00478-WTH-GRJ Weltzbarker v. Comm'r of Social Security, filed 11/23/05

6:05-cv-00512-DAB, Allen v. Comm'r of Social Security, filed 04/05/05

6:05-cv-00513-JA-KRS, Herring v. Comm'r of Social Security, filed 04/05/05

6:05-cv-00520-KRS, Whitford v. Comm'r of Social Security, filed 04/07/05

6:05-cv-00579-KRS, Miller v. Comm'r Social Security, filed 04/19/05

6:05-cv-00593-KRS, Badie v. Comm'r of Social Security, filed 04/21/05

6:05-cv-00594-JGG, Reid v. Comm'r of Social Security Admin., filed 04/21/05

6:05-cv-00612-DAB, Elba v. Comm'r of Social Security, filed 04/22/05

6:05-cv-00690-DAB, Peterson v. Comm'r of Social Security, filed 05/06/05

6:05-cv-00691-GAP-DAB, Zellner v. Comm'r of Social Security, filed 05/06/05

6:05-cv-00710-JGG, Bradbury v. Comm'r of Social Security, filed 05/09/05

6:05-cv-00813-GKS-KRS, Webster v. Comm'r of Social Security, filed 05/31/05

6:05-cv-00814-KRS, Brown v. Comm'r of Social Security, filed 05/31/05

6:05-cv-00815-KRS. Sullivan v. Comm'r Social Security, filed 05/31/05

6:05-cv-00824-PCF-JGG, Quanstrom v. Comm'r of the Social Security Admin., filed 06/02/05

6:05-cv-00825-DAB, Burns v. Comm'r Social Security, filed 06/02/05

6:05-cv-00826-GAP-JGG. Goerres v. Comm'r of Social Security Admin., filed 06/02/05

6:05-cv-00843-ACC-JGG, Lynch v. Comm'r of Social Security. filed 06/06/05

6:05-cv-00877-ACC-JGG. Sperry v. Comm'r Social Security. filed 06/13/05

6:05-cv-00908-ACC-KRS, Whitlock v. Comm'r of Social Security, filed 06/17/05

6:05-cv-00909-ACC-DAB, Telemaque v. Comm'r of Social Security. filed 06/17/05

6:05-cv-00910-ACC-KRS, Santiago v. Comm'r of Social Security, filed 06/17/05

6:05-cv-00911-GAP-DAB, Parra v. Comm'r of Social Security, filed 06/17/05

6:05-cv-00945-JA-JGG. Demps v. Comm'r of Social Security Admin., filed 06/24/05

6:05-cv-00946-ACC-KRS, Wallace v. Comm'r of Social Security Admin., filed 06/24/05

6:05-cv-01001-GAP-DAB, Johnson v. Comm'r of Social Security, filed 07/05/05

6:05-cv-01117-JA-JGG. Bethel v. Comm'r of Social Security, filed 07/29/05

6:05-cv-01118-GKS-JGG, Carmach v. Comm'r of Social Security, filed 07/29/05

6:05-cv-01119-ACC-DAB, Loos v. Comm'r of Social Security, filed 07/29/05

6:05-cv-01120-GAP-KRS, McDevitt v. Comm'r of Social Security, filed 07/29/05

6:05-cv-01162-GAP-KRS, Goff v. Comm'r of Social Security. filed 08/08/05

6:05-cv-01163-GKS-KRS, Daniel v. Comm'r of Social Security, filed 08/08/05

6:05-cv-01209-JA-JGG, Figueroa v. Comm'r of Social Security, filed 08/19/05

6:05-cv-01225-PCF-DAB, Chesser v. Comm'r of Social Security, filed 08/22/05

6:05-cv-01265-GKS-KRS, Copeland v. Comm'r of Social Security Admin., filed 08/29/05

6:05-cv-01266-PCF-KRS, Pilnick v. Comm'r of Social Security Admin., filed 08/29/05

6:05-cv-01267-GAP-KRS, Fulwood v. Comm'r Social Security, filed 08/27/05

6:05-cv-01296-GAP-KRS, Melendez v. Comm'r of the Social Security Admin., filed 09/06/05

6:05-cv-01297-GKS-DAB, Neace v. Comm'r Social Security, filed 09/07/05

6:05-cv-01298-PCF-JGG, Corbett v. Comm'r of Social Security, filed 09/06/05

6:05-cv-01299-ACC-JGG, Barnes v. Comm'r of Social Security, filed 09/06/05

6:05-cv-01334-GAP-JGG, Calcano v. Comm'r of the Social Security Admin., filed 09/12/05

6:05-cv-01335-ACC-KRS, Lesage v. Comm'r of Social Security, filed 09/12/05

6:05-cv-01336-ACC-DAB, West v. Comm'r of the Social Security Admin., filed 09/12/05

6:05-cv-01399-GKS-DAB, Doepke v. Comm'r of Social Security, filed 09/22/05

6:05-cv-01400-ACC-DAB, Belton v. Comm'r of Social Security, filed 09/22/05

6:05-cv-01401-PCF-JGG, Davidson v. Comm'r of Social Security, filed 09/22/05

6:05-cv-01416-GKS-KRS, Yonce v. Comm'r of the Social Security Admin., filed 09/26/05

6:05-cv-01417-GAP-KRS, Poole v. Comm'r Social Security, filed 09/27/05

6:05-cv-01418-GAP-KRS, Linder v. Comm'r of Social Security, filed 09/27/05

6:05-cv-01456-ACC-KRS, Washington v. Comm'r of Social Security, filed 09/29/05

6:05-cv-01480-GAP-KRS, Buchanan v. Comm'r of Social Security, filed 10/04/05

6:05-cv-01523-ACC-DAB, Couch v. Comm'r of Social Security, filed 10/11/05

6:05-cv-01556-GAP-DAB, Neal v. Comm'r of the Social Security Admin., filed 10/14/05

6:05-cv-01570-JA-DAB, Smith v. Comm'r Social Security, filed 10/18/05

6:05-cv-01571-JA-DAB, Lunt v. Comm'r of Social Security, filed 10/18/05

6:05-cv-01607-JA-DAB, Seaver v. Comm'r Social Security, filed 10/25/05

6:05-cv-01608-ACC-JGG, Diaz v. Comm'r of Social Security, filed 10/25/05

6:05-cv-01609-GAP-JGG, Timmerman v. Comm'r of Social Security, filed 10/25/05

6:05-cv-01610-JA-JGG, Wilber v. Comm'r of Social Security, filed 10/25/05

6:05-cv-01611-JA-DAB, Landi v. Comm'r of Social Security, filed 10/25/05

6:05-cv-01647-PCF-JGG, Watson v. Comm'r Social Security, filed 11/03/05

6:05-cv-01648-GAP-JGG, Wood v. Comm'r of Social Security, filed 11/03/05

6:05-cv-01759-ACC-DAB, Hadden v. Comm'r of Social Security, filed 11/25/05

6:05-cv-01763-PCF-KRS, Grant v. Comm'r of Social Security, filed 11/25/05

8:05-cv-01654-JDW-TGW, Alston v. Comm'r of Social Security Admin., filed 09/07/05

8:05-cv-01811-EAK-TGW, Poole v. Comm'r Social Security, filed 09/27/05

8:05-cv-01998-SDM-MAP, Timmerman v. Comm'r of Social Security, filed 10/25/05